**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| TAMMY HAMMOND and HAMMOND OIL, LLC, | ) ) ) |
| Plaintiffs, | ) **CIVIL ACTION** ) |
| v. | ) No. 10-1326-MLB ) |
| ALFARO OIL AND GAS, LLC, et al., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This case comes before the court on defendants' motion to dismiss for improper venue. (Doc. 6). The motion has been fully briefed and is ripe for decision. (Docs. 7, 12, 13). Defendants' motion is granted for the reasons herein.

**I.   Facts**

Defendant Brian Alfaro contacted plaintiff Tammy Hammond by telephone in late 2007. Alfaro is in the business of purchasing interests in oil and gas wells and then reselling the interests to investors. Alfaro had several discussions with Hammond in which he discussed the potential sale of interests in different joint ventures. Alfaro would then sell Hammond a "unit" in a joint venture which was an acquisition of interests in oil and gas wells. Prior to the sale of each unit, Alfaro would send Hammond a prospectus with information on the venture and potential profits. Hammond alleges that the profits were inflated in the prospectus and the unfavorable information was not disclosed. After Hammond received the prospectus, Alfaro would call and discuss the investment and the potential

returns. Hammond alleges that Alfaro grossly inflated natural gas prices, projected natural gas reserves, estimated gross returns and estimated monthly cash flows. Hammond asserts that Alfaro's false statements concerning the investments induced her to invest in the prospects. Hammond purchased twelve units in different prospects from December 2007 to December 2008. Hammond alleges that she has invested more than one million dollars in defendants' oil and gas interests and has received minimal returns.

The twelve investments Hammond made range from $73,830 to $89,888. On July 8, 2008, Hammond created Hammond Oil, LLC, to be the designated owner of the investments. Presumably, Hammond executed a Subscription Agreement with each investment.[1] The agreements all contain an identical forum selection clause which provides that the parties arbitrate disputes in Texas. In reliance on this clause, defendants move to dismiss plaintiffs' complaint on the basis of improper venue. Plaintiffs assert that the forum selection clause is not applicable because the claims are not based on the agreements.

## II. Analysis

"Venue refers to the place where a lawsuit should be brought." Universal Premium Acceptance Corp. v. Oxford Bank & Trust, 277 F. Supp. 2d 1120, 1129 (D. Kan. 2003). Many courts, including those in this circuit, enforce forum selection clauses under a motion to

---

[1] The parties do not discuss the specific execution of these agreements, however. The first agreement was executed at the time of the initial payment in December 2007. (Doc. 7, exh. A-12). However, the subsequent five subscription agreements were not dated and were allegedly made prior to July 2008. (Doc. 7, exhs. A-1 through A-5). The signature on those agreements states that the owner of the investment is Hammond Oil, which was not in existence until July 2008.

dismiss for improper venue under 12(b)(3). <u>Black & Veatch Constr., Inc., v. ABB Power Generation, Inc.</u>, 123 F. Supp. 2d 569, 579 (D. Kan. 2000); <u>Riley v. Kingsley Underwriting Agencies, Ltd.</u>, 969 F.2d 953, 956-57 (10th Cir. 1992). Facts outside the pleadings may be properly considered on a motion to dismiss for improper venue. See <u>Topliff v. Atlas Air, Inc.</u>, 60 F. Supp. 2d 1175, 1176-77 (D. Kan. 1999); Fed. R. Civ. P. 12(b). Factual disputes should be resolved in favor of the plaintiff. <u>M.K.C. Equip. Co. v. M.A.I.L. Code, Inc.</u>, 843 F. Supp. 679, 683 (D. Kan. 1994).

A federal court sitting in diversity applies federal procedural law and the substantive law that would be applied by the forum state. <u>Burnham v. Humphrey Hospitality REIT Trust, Inc.</u>, 403 F.3d 709, 712 (10th Cir. 2005). Consistent therewith, where a contract contains a choice-of-law clause, the court will apply the forum state's choice-of-law rules. <u>Midamerica Constr. Mgmt., Inc. v. MasTec N. Am., Inc.</u>, 436 F.3d 1257, 1260 (10th Cir. 2006). Under Kansas law, parties to a contract may select the law that will govern interpretation of their agreement, and Kansas courts will generally honor that choice. <u>Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.</u>, 431 F.3d 1241, 1255 (10th Cir. 2005) (citing <u>Brenner v. Oppenheimer & Co.</u>, 273 Kan. 525, 44 P.3d 364, 374 (2002)).

First, plaintiffs assert that the forum selection clause should not be enforced because the contract was procured by fraud. Plaintiffs, however, have only made general allegations of fraud pertaining to the entire agreement. The Tenth Circuit, citing the United States Supreme Court, held that a plaintiff "seeking to avoid a choice provision on a fraud theory must, within the confines of Fed.

-3-

R. Civ. P. 9(b) and 11, plead fraud going to the specific provision."
Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 960 (10th Cir. 1992)(citing Scherk v. Alberto-Culver Co, 417 U.S. 506, 519 n. 14 (1974) and Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 404 (1967)). Plaintiffs' allegations fail to specifically allege fraudulent inducement as to the forum selection clause. Moreover, plaintiffs' response to defendants' motion also only alleges general allegations of fraud and fails to respond to defendants' arguments based upon the Tenth Circuit's holding in Riley. Plaintiffs' general allegations concerning fraud cannot provide an avenue of escape for application of the forum selection clause. This court must therefore enforce the arbitration provision if it finds that the fraudulent inducement claims fall within the scope of the forum selection clause.

Plaintiffs argue that their claims do not fall within the scope of the forum selection clause because they sound in tort. Defendants contend that the forum selection clause is broad and therefore encompasses plaintiffs' claims. Courts have held that forum selection clauses can be broad enough to include tort claims. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 596-97 (1991)(negligence claim); Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967)(claim of fraudulent inducement subject to arbitration); Cobank, ACB v. Reorganized Farmers Co-op. Ass'n., No. 04-3385, 2006 WL 620864, *7 (10th Cir. Mar. 14, 2006)("other circuits applying state law have determined a contract forum provision cannot apply to tort claims unless the provision is broad enough to be construed to cover such claims or the tort claims involve the same operative facts as a parallel breach of contract claim"); Thompson v. Founders Group

-4-

Intern., Inc., 20 Kan. App.2d 261, 263-264 (1994). More specifically, the Tenth Circuit held that a claim of fraudulent inducement may be resolved by arbitration. Riley, 969 F.2d at 960.

The court must therefore interpret the forum selection clause to determine if the parties agreed to arbitrate a claim of fraudulent inducement. See, e.g., Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 57, 115 S. Ct. 1212, 1216, 131 L. Ed.2d 76 (1995); Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626, 105 S. Ct. 3346, 3353, 87 L. Ed.2d 444 (1985). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S. Ct. 1920, 1924 (1995)(internal citations omitted).

All twelve subscription agreements provide the following:

> Notwithstanding the place where this Agreement may be executed by any of the parties hereto, the parties expressly agree that all of the terms and provisions hereof shall be construed in accordance with and governed by the laws of the State of Texas applicable to agreements made and to be wholly performed therein. **Any controversy or claim arising out of or relating to any interpretation, breach or dispute concerning any of the terms or provisions of this Subscription Agreement or any other matter in any way affecting the Program**, which disagreement is not settled in writing within thirty (30) days after it arises, shall be exclusively and solely resolved by arbitration in San Antonio, Texas, in accordance with the laws of the State of Texas and under the rules then obtaining of the American Arbitration Association (or any successor thereto), and the award rendered in said arbitration shall be final and may be entered in any court in the State of Texas, or elsewhere, having jurisdiction thereof.

(Doc. 7, exh. A-1 at 4)(emphasis supplied).

The allegations in the complaint center around false oral misrepresentations made to Hammond by Alfaro on various occasions. The complaint does not state with specificity the dates and times that

-5-

these statements were made but they were allegedly made prior to Hammond's entering into each agreement. The question before the court then is whether the claims of Alfaro's fraudulent activity prior to the signing of the agreements is a "controversy or claim arising out of or relating to any interpretation, breach or dispute concerning any of the terms or provisions of this Subscription Agreement or any other matter in any way affecting the Program." Id.

The Tenth Circuit has consistently held that the phrase "arising out of or relating to" is a broad arbitration clause, see, e.g., P&P Indus., Inc. v. Sutter Corp., 179 F.3d 861, 871 (10th Cir. 1999)(citing Prima Paint, 388 U.S. at 398), and has been held to apply to fraud claims. See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614 (1985); Prima Paint Corp., 388 U.S. 395 (broad arbitration clause compelled arbitration of fraudulent inducement claim); Brown v. Coleman Co., Inc, 220 F.3d 1180, 1184 (10th Cir. 2000); Black & Veatch Int'l Co. v. Wartsila NSD N. Am., Inc., 1998 WL 953966 (D. Kan. Dec. 17, 1998) (breach of contract, negligence, negligent misrepresentation and fraud claims subject to agreement to arbitrate disputes arising "from or in connection with" contract).

Specifically, the Supreme Court in Prima Paint held that a fraudulent inducement claim was subject to arbitration when the clause at issue stated that any claim arising out of the agreement was subject to arbitration. 388 U.S. at 406. While the clause in this case includes the addition of the words "terms or provisions," the court does not find that this language narrows the scope of the clause. Moreover, plaintiff has failed to cite any authority which

-6-

would support a conclusion that this clause does not encompass a claim of fraudulent inducement. "Where the arbitration clause is broad, there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it." Burlington N. and Santa Fe Ry. Co. v. Public Serv. Co. of Ok., ---F.3d---, 2010 WL 5023257, *6 (10th Cir. Dec. 10, 2010). Therefore, the court finds that plaintiffs' fraud claims concerning the fraudulent inducement into various agreements with defendants are subject to the arbitration clause in those agreements.

Accordingly, plaintiffs' claims are subject to arbitration in Texas and venue in this court is improper.

**III. Conclusion**

Defendants' motion to dismiss for improper venue is granted. (Doc. 6).

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).

Any such motion shall not exceed three pages and shall strictly

comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this   17th   day of March 2011, at Wichita, Kansas.

s/ Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE